**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KATHLEEN ECKBERG,

Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant-Appellee.

No. 12-17029

D. C. 2:11-cv-00537-SMM

MEMORANDUM*

On Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted January 14, 2015
San Francisco, California

Before: O'SCANNLAIN and CLIFTON, Circuit Judges, and RAKOFF, Senior
District Judge.**

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District
Court for the Southern District of New York, sitting by designation.

Kathleen Eckberg appeals the district court's judgment affirming the Commissioner of Social Security's denial of her application for disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291.

On appeal, the Commissioner concedes that the Administrative Law Judge (the "ALJ") erred in rejecting non-examining physician Dr. Vincent Russo's testimony concerning the limitations Eckberg suffers as a result of her left-side De Quervain's syndrome. The ALJ also erred in offering no reason for finding certain aspects of Eckberg's subjective pain testimony not credible other than the "boilerplate" statement that the testimony was inconsistent with the ALJ's residual functional capacity assessment. *See Treichler v. Comm'r of Soc. Sec. Admin.*, No. 12-35944, 2014 WL 7332774, at *9 (9th Cir. Dec. 24, 2014). The remaining question, therefore, is whether to remand for an award of benefits or for further proceedings.

"Before we may remand a case to the ALJ with instructions to award benefits, three requirements must be met: '(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant

disabled on remand.'" *Burrell v. Colvin*, No. 12-16673, 2014 WL 7398892, at *6 (9th Cir. Dec. 31, 2014) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). If the record is "uncertain and ambiguous, the proper approach is to remand the case to the agency" for further proceedings. *Treichler*, 2014 WL 7332774, at *11.

Here, the record is sufficiently unclear to warrant a remand for further proceedings on an open record. *See Burrell*, 2014 WL 7398892*,* at *7.  First, the record contains minimal and inconclusive information regarding the degree to which Eckberg's De Quervain's syndrome would impede her ability to work. Although Dr. Russo testified that De Quervain's syndrome would affect Eckberg's dexterity, he also stated that De Quervain's syndrome is "subject to spontaneous improvement" and that there would be times when Eckberg's left hand would function "quite close to normal." We cannot conclude that, on remand, "the ALJ would be required to find [Eckberg] disabled" within the meaning of the Social Security Act without more information about how frequently and to what extent this limitation affects Eckberg.

Second, the Commissioner has raised serious doubts about Eckberg's credibility. Although Eckberg testified that, in general, she took medication when her pain required, she repeatedly refused to take injections to treat her De

Quervain's syndrome. She now claims that an injection would have been too painful, but the record reveals that she accepted an injection for a different ailment. Likewise, Eckberg, in connection with her initial application for benefits, reported being able to partake in some normal daily tasks, such as cleaning her home and going for walks; but four months later, after the application was denied, Eckberg submitted a revised statement asserting that she did "nothing" on an average day because of her pain. The suspicious timing of this precipitous decline, in combination with her selective acceptance of treatment, calls Eckberg's credibility into question.

Third, the experts at Eckberg's hearing took her testimony into account before offering their opinions. Dr. Russo explained that his assessment was "mainly based on the subjective pain complaints." Similarly, the vocational expert was asked to "assume the claimant's testimony" before answering a question on the availability of past relevant work and transferable skills. Given the doubts about Eckberg's credibility, it would be improper to remand for an award of benefits on the basis of these opinions.

In sum, in light of the ambiguities and gaps in the record, we cannot say that "further proceedings would not be useful." *Treichler*, 2014 WL 7332774, at *8 (internal quotation marks and alteration omitted).

-4-

**REVERSED and REMANDED for further proceedings on an open record**.